HARRY L. YAWITZ, Appellant, v. UNITED RAIL-
WAY COMPANY OF ST. LOUIS, Garnishee,
Respondent.

St. Louis Court of Appeals. Argued and Submitted December 4,
1913. Opinion Filed December 31, 1913.

1. APPELLATE PRACTICE: Conclusiveness of Trial Court's
Finding. Where there are no controverted facts and the trial
court's finding is predicated upon an agreed statement of facts,
such finding is not conclusive on the appellate court.

2. GARNISHMENT: Confusion of Names: Liability of Garnishee.
Where a garnishee, under an execution against B. C. Brax-
ton, admitted that it was indebted to C. M. Braxton and that
he represented himself to plaintiff as B. C. Braxton when
the account sued on was contracted, judgment should be
rendered for plaintiff.

Appeal from St. Louis City Circuit Court.—*Hon.
Daniel D. Fisher*, Judge.

RVERSED AND REMANDED (*with directions*).

*Adolph Abbey* for appellant.

(1) The issues raised by a denial of garnishee's
answer and the reply, if filed, are the sole issues to be
tried. Dodge v. Knapp, 112 Mo. App. 513; Holker v.
Hennessey, 141 Mo. 527; Bank v. Dillon, 75 Mo. 380;
Swartz v. Riner, 66 Mo. App. 476; Brown v. Gummer-
sell, 30 Mo. App. 341. (2) One may be designated in
legal proceedings by the name by which he is known,
although not his true name. Nolan v. Taylor, 131 Mo.
224; Linton v. First National Bank, 10 Fed. 894; Wash-
ington v. State, 68 Ala. 85; Wilson v. State, 69 Ga. 97;
Rich v. Mayer, 7 N. Y. Supp. 69. (3) Garnishee, on
garnishment execution, is entitled to an allowance for
answering only when he is possessed of property or
effects of the principal defendant, and when his answer

is not denied or excepted to and is true. Sections 2434, 2435, R. S. 1909.

*Boyle & Priest* and *R. E. Moloney* for respondent.

(1) The respondent was unaffected by the summons of garnishment against it when the name of the defendant was different from that of the person to whom it was indebted, unless it was shown to have had actual knowledge of the fact that its debtor and the person so named were the same. German Natl. Bank of Denver v. Natl. State Bank of Boulder, 5 Colo. App. 427; German Natl. Bank of Denver v. Natl. State Bank of Boulder, 31 Pac. 122; Terry v. Sisson, 125 Mass. 560; Gittings v. Russell, 114 App. Div. 405; White v. Springfield Sav. Institution, 134 Mass. 232; Dutton v. Simmons, 65 Maine, 583; Bowen v. Mulford, 10 N. J. L. 230; Hutchinson's Appeal, 92 Pa. St. 186. (2) The garnishee on garnishment execution is entitled to an allowance of fifteen dollars for answering irrespective of whether or not it has possession of property or effects of the principal defendant. Sec. 2436, R. S. 1909; Ellison v. Ralston, 19 Mo. App. 537; Shotwell v. Markham, 85 Mo. App. 151. (3) Since this cause was tried by the court without a jury, and the appellant asked for no declarations of law or fact, and no declarations of law or fact were given, the appellate court has nothing to determine. Under the circumstances it is immaterial whether the trial court decided on the law or the facts, and the judgment should be affirmed. Rice v. McClure, 74 Mo. App. 383; Jordan v. Davis, 172 Mo. 599; Harrison v. Bartlett, 51 Mo. 170; Hlil v. Kingsland, 131 Mo. 48.

REYNOLDS, P. J.—The appellant brought his action before a justice of the peace against Bert Braxton and Bert C. Braxton. Summons was issued and returned as served. At the return day of the summons,

the defendants not appearing, the justice rendered a judgment against them in the sum of $25 and costs of suit. Afterwards a transcript of this judgment was filed in the office of the clerk of the circuit court. Execution issued out of that court and under it the respondent here, United Railways Company, was duly summoned as garnishee. The statutory interrogatories were filed requiring the defendant railway company to answer whether at the time of the service of the garnishment, it had in its possession or under its control, any property, etc., of, or owed "either of the defendants" any money; whether it owed them any now, and if so, how much. The garnishee answered, denying that at the time of the service of the garnishment it had in its possession any property, etc., of, or that it then owed or now owes the defendants Bert Braxton or Bert C. Braxton any sum of money whatever, but further sets out that "C. M. Braxton has been employed by it, but that he has never been known as, nor is he the person or either one of them known as Bert Braxton or Bert C. Braxton." The answer further states, upon information and belief, that the plaintiff in the case had never procured any judgment against C. M. Braxton nor has any writ or other process ever been served on him and that to the best information and belief of the garnishee, C. M. Braxton has never been known by any other name. This was replied to, the reply averring that C. M. Braxton was in the employ of defendant; that defendant owed him; that he was the Bert. C. Braxton referred to and that the garnishee knew that.

The cause was tried to the court, a jury being waived, and without the introducing of any evidence but agreed statements of facts, which are in writing and as follows:

"Jan. 16, 1912.

"It is hereby admitted by the above named defendant, garnishee, that one C. M. Braxton was in its

employ from January 19, 1911, up to February 27, 1911, at a salary of —— and was indebted to him in the amount of $68.85.    But the defendants are Bert Braxton and Bert C. Braxton.

"Jan. 16, 1912.

"It is hereby further admitted that said C. M. Braxton represented himself to plaintiff herein as Bert C. Braxton, at the time the account sued on was contracted and that plaintiff did not know him by any other name but as Bert C. Braxton.

Jury waived; cause submitted to court.

It appears by these agreed statements that the garnishee admitted, first, that one C. M. Braxton had been in its employ, and that the garnishee was indebted to him in the amount of $68.85; second, that "*said* C. M. Braxton" represented himself to plaintiff as Bert C. Braxton, at the time that the account sued on was contracted.    It is true that plaintiff brought his action against Bert Braxton or Bert C. Braxton, naming them as the debtors.    The execution runs against Bert Braxton and Bert C. Braxton, "known as C. M. Braxton."    The garnishee admits that it is indebted to "one C. M. Braxton" and that "said C. M. Braxton," the identical man in its employ, and to whom it is indebted, is the very man who represented himself to plaintiff as Bert C. Braxton at the time "the account sued on was contracted."    In other words, the garnishee admits the identity—that the man in its employ is the same man who represented himself to plaintiff as Bert C. Braxton, with respect to the subject-matter of the action which afterwards proceeded to judgment against him.

Although this case was tried below by the court, without a jury, its finding herein is not conclusive upon

179 App. 46

us. There were no controverted questions of fact to be passed upon by the court below. The record contains no evidence but the garnishee's solemn admissions which we have set out. The question before the court thereupon became one purely of law; to determine the construction and legal effect of these written stipulations of fact. By those stipulations, the garnishee admitted that C. M. Braxton represented himself to be and that he was Bert C. Braxton. The judgment should have been in favor of the plaintiff and against the garnishee for the amount of the judgment debt, interest and costs, not exceeding the amount admittedly in the hands of the garnishee.

The judgment of the circuit court is reversed and the cause remanded with directions to the circuit court to enter up judgment against the garnishee as above. *Nortoni* and *Allen, JJ.*, concur.

